IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:11-cv-24447-KMM

SEDILIA NOVELUS,

    Plaintiff,

vs.

HEBREW HOME SINAI, INC.
d/b/a SINAI PLAZA NURSING
AND REHAB CENTER,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant Hebrew Home Sinai, Inc.'s Motion to Dismiss (ECF No. 27). Plaintiff Sedilia Novelus filed a Response (ECF No. 30). The Motion is now ripe for review. Upon consideration of the Motion, the Response, the pertinent portions of the record, and being otherwise fully advised in the premises, this Court enters the following Order.

## I. BACKGROUND[1]

This is an action for race and age discrimination under various federal and state statutes. Plaintiff Sedilia Novelus is a sixty-two year old woman of Haitian national origin. Defendant Hebrew Home Sinai, Inc. is a Florida nonprofit organization where Plaintiff worked in the housekeeping department's laundry room from approximately March 13, 2006 to May 7, 2010. To support her action, Plaintiff claims that her supervisor stated that he needed "more Cuban and Mexican employees—not Haitians." Am. Compl. ¶ 11 (ECF No. 24). Plaintiff also claims that

---

[1] The facts herein are taken from Plaintiff's Amended Complaint (ECF No. 24). All facts are construed in a light most favorable to Plaintiff.

1

her termination was the product of a "fabricated altercation springing from a defective laundry machine . . . motivated based on Plaintiff's protected characteristics." Id. at ¶ 12.

On May 3, 2011, the United States Equal Employment Opportunity Commission ("EEOC") mailed Plaintiff a letter notifying Plaintiff that it had dismissed Plaintiff's EEOC Complaint against Defendant and informing Plaintiff of her right to file a lawsuit against Defendant within ninety days of receiving the letter. On December 12, 2011, Plaintiff initiated the instant action. Approximately three months later, Plaintiff filed an Amended Complaint. On April 9, 2012, Defendant filed a Motion to Dismiss.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984). On a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. SEC v. ESM Grp., Inc., 835 F.2d 270, 272 (11th Cir. 1988). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" Id. at 1950. A complaint must also contain enough facts to indicate the presence of the required elements. Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1302 (11th Cir. 2007). However, "[a] pleading that offers 'a formulaic recitation of elements of a cause of action will not do.'" Iqbal,

129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002).

### III. ANALYSIS

Plaintiff alleges discrimination based on race in violation of 42 U.S.C. § 1981 (Count I) and the Florida Civil Rights Act of 1992 ("FCRA") (Count IV); discrimination based on age in violation of the Age Discrimination and Employment Act ("ADEA") (Count II) and the FCRA (Count III); and discrimination based on national origin in violation of the FCRA (Count V).

As an initial matter, Counts II, III, IV, and V of Plaintiff's Amended Complaint are time barred. "Under [Title] VII, the ADA, and the ADEA, a plaintiff must file [a] complaint in district court within 90 days of receipt of a right-to-sue letter from the EEOC." Hodge v. Miami Herald Co., No. 08-20633-CIV, 2008 WL 4180012, at *1 (S.D. Fla. Sept. 10, 2008) (citing Kerr v. McDonald's Corp., 427 F.3d 947, 951 (11th Cir. 2005); Zillyette v. Capital One Fin. Corp., 179 F.3d 1337, 1339 (11th Cir. 1999); Stallworth v. Wells Fargo Armored Serv. Corp., 936 F.2d 522, 524 (11th Cir. 1991)). The same ninety day rule applies to complaints filed under the FCRA. See Wallace v. Pub. Health Trust of Dade Cnty., 370 F. Supp. 2d 1247, 1250 (S.D. Fla. 2005); Fla. State Univ. v. Sondel, 685 So. 2d 923, 925 (Fla. 1st Dist. Ct. App. 1996) ("Federal case law interpreting Title VII and the ADEA is applicable to cases arising under the Florida Act." (citing Fla. Dep't of Cmty. Affairs v. Bryant, 586 So. 2d 1205 (Fla. 1st Dist. Ct. App. 1991))). Here, the EEOC letter was mailed to Plaintiff on May 3, 2011.[2] The ninety days with

---

[2] Although the EEOC Letter was not attached to Plaintiff's Complaint, EEOC actions are matters of public record, which this Court can take judicial notice of without converting Defendant's Motion into a Motion for Summary Judgment. See Hodge v. Miami Herald Co., No. 08-20633-CIV, 2008 WL 4180012, at *2 (S.D. Fla. Sept. 10, 2008) (citing Mann v. Green, No. CV407-

3

which Plaintiff had to file a lawsuit ended on August 2, 2011. Plaintiff did not file the instant action until December 12, 2011. Accordingly, Counts II, III, IV, and V of Plaintiff's Amended Complaint are untimely and for this reason are dismissed with prejudice.

Count I of Plaintiff's Amended Complaint alleges that Defendant discriminated against Plaintiff in violation of 42 U.S.C. § 1981. Section 1981 provides, in relevant part, that "[a]ll persons . . . shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." Id. § 1981(a). "The rights enumerated in § 1981 are 'protected against impairment by nongovernmental discrimination.'" Allen v. CLP Corp., 460 F. App'x 845, 847 (11th Cir. 2012) (quoting 42 U.S.C. § 1981(c)). To succeed on a § 1981 claim, a Plaintiff must demonstrate "(1) that the plaintiff is a member of a racial minority; (2) that the defendant intended to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute." Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1270 (11th Cir. 2004) (citation omitted).

Here, Plaintiff sufficiently demonstrates that she is a member of a racial minority. See Am. Compl. ¶ 6 ("Plaintiff is a Black individual of Haitian national origin . . . ."). Plaintiff, however, fails to sufficiently demonstrate that Defendant intended to discriminate against her on the basis of race or that the discrimination concerned one or more of the activities enumerated in § 1981. Plaintiff alleges that she was "the target of discrimination based on numerous comments regarding her national origin, age, and race. The comments include, but are not limited to, Jose Baez, Plaintiffs [sic] supervisor and Defendant's agent, said he needed 'more Cuban and Mexican employees—not Haitians.'" Am. Compl. ¶ 11. This allegation, even if true, does not

---

140, 2008 WL 1766779, at *1 n.2 (S.D. Ga. Apr. 17, 2008); Sequera v. Hunter Douglas Fabrication Co., 184 F. Supp. 2d 1227, 1229 n.2 (M.D. Fla. 2002)).

4

evince Defendant's intent to discriminate against Plaintiff or any causal connection between the circumstances surrounding Plaintiff's termination and Defendant's alleged discrimination. Plaintiff's only claim regarding her termination—that it was the "product of a fabricated altercation springing from a defective laundry machine [which was] motivated based on Plaintiffs [sic] protected characteristics," Id. at ¶ 12—is a conclusory allegation unsupported by any facts contained in Plaintiff's Amended Complaint. Consequently, Count I of Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

## IV. CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss Amended Complaint (ECF No. 27) is GRANTED. Counts II, III, IV, and V of Plaintiff's Amended Complaint (ECF No. 24) are DISMISSED WITH PREJUDICE. Count I of Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE. Plaintiff has leave to file a Second Amended Complaint within twenty (20) days from the date of this Order. The Clerk of the Court is instructed to CLOSE this case. All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 6th day of July, 2012.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record